IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

RICHARD EARL HENLEY, #123 127          *

    Plaintiff,                         *

        v.                              *          2:08-CV-1004-WKW
                                                      (WO)

THE ALA. BD. OF PARDONS/PAROLES,       *
*et al.*,
    Defendants.                        *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Richard Henley, files this 42 U.S.C. § 1983 alleging a violation of his Fourteenth Amendment rights to a fair, unbiased, and accessible parole hearing. Named as the defendants are the Alabama Board of Pardons and Paroles and the State of Alabama. Upon review of the complaint, the court concludes that Plaintiff's claims against the named defendants are subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

*A. The Alabama Board of Pardons and Paroles*

The Alabama Board of Pardons and Paroles is not subject to suit or liability under §

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Alabama Board of Pardons and Paroles are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

*B. The State of Alabama*

The State of Alabama is immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). Moreover, "a State is not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Thus, Plaintiff's claims against the State of Alabama are "based on an indisputably meritless legal theory" and are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Alabama Board of Pardons and Paroles and the State of Alabama be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii);

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

2. The Alabama Board of Pardons and Paroles and the State of Alabama be DISMISSED as parties to this cause of action; and

3. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 22, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of January 2009.

    /s/ Wallace Capel,Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE